UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMEER SAIDAWI,<br><br>             Plaintiff,<br><br>       v.<br><br>SAN JOAQUIN GENERAL HOSPITAL,<br><br>             Defendant. | No.  2:24-cv-02783-SCR<br><br><br>ORDER |

Plaintiff Sameer Saidawi is proceeding in this action pro se.  Pending before the undersigned are Defendant San Joaquin General Hospital's motion to strike portions of the Complaint (ECF No. 9), as well as Defendant's motions to strike (ECF No. 19) or alternatively seal (ECF No. 20) Plaintiff's surreply to the motion to strike (ECF No. 17).  For the reasons stated below, the undersigned strikes the surreply, denies the request to seal the surreply as moot, and denies the motion to strike portions of Plaintiff's Complaint.

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff, proceeding pro se, commenced this action on October 9, 2024, by filing a Complaint and paying the applicable filing fee.  ECF No. 1.  The Complaint alleged that Plaintiff has been employed by Defendant since March 2013 and was promoted to an RN IV Case Manager in November 2019.  *Id.* at 6.  In January 2024, Plaintiff was twice written up for being

1

"rude" based on how he speaks. *Id.* Plaintiff argues that his voice simply reflects the "natural loud and Deep tone" of male adults from his home country Jordan. *Id.*

Plaintiff complained that writing him up for these incidents constituted discrimination based on race and national origin. *Id.* He alleges that in retaliation, Defendant relocated him on April 22, 2024 and changed his shift from three 12-hour days a week to five 8-hour days a week. *Id.* The Complaint explains that this was an attempt to force Plaintiff to quit because Defendant knows he cannot balance a five-day workweek with caring for this "80 years old mother with multiple chronic health problem and flare ups that required multiple doctors & Medical appointments, ED visits and a lot of care at home[.]" *Id.*

The Complaint alleges that Plaintiff also requested on April 22, 2024 that Defendant change his employment status from full-time with benefits to part-time with benefits. *Id.* He was told no such positions were available, yet a more junior Case Manager, Wan Cai, was scheduled as part-time with benefits in May 2024 without even asking. *Id.*

In July and September 2024, Defendant employees asked Plaintiff about work-related issues in a more public setting that was appropriate. *Id.* at 7. The Complaint alleges that this was a deliberate attempt to trigger Plaintiff into speaking in his naturally loud tone of voice, especially when defending himself from false accusations, as to create more allegations of workplace hostility and further force him to resign. *Id.* Defendant has conversely ignored any complaints Plaintiff has made against other employees. *Id.*

The Complaint reiterates that the alleged conduct is part of a deliberate attempt to discriminate against Plaintiff and force him to leave his job. *Id.* This includes knowingly forcing him to balance a full-time, five-day workweek against the need to care for his elderly and ailing mother. *Id.* Based on these facts, Plaintiff alleges discrimination based on national origin under Title VII of the Civil Rights Act of 1964, as well as retaliation for engaging in a protected activity. *Id.* at 4, 7. Plaintiff seeks $250,000 in punitive damages and an order compelling Defendant to (1) change his work schedule back to a three-day workweek, (2) hold the employees who participated in the discriminatory conduct accountable, and (3) limit discussion of patient- or

////

work-related matters to professional and private settings in compliance with the Health Insurance Portability and Accountability Act ("HIPPA").  *Id.* at 10.

## LEGAL STANDARD

A motion to strike allows a court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Whittlestone, Inc. v. Handi-Craft, Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)), rev'd on other grounds by *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 114 (1994); *see also Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Ultimately, whether to grant a motion to strike applying these standards lies within the sound discretion of the district court. *Fantasy, Inc.*, 984 F.2d at 1527; *see also California Dept. of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F.Supp.2d 1028, 1032-33 (C.D. Cal. 2002).

## ANALYSIS[1]

Defendant moves to strike three references in the Complaint to how Plaintiff needs to care for his mother.  ECF No. 9 at 2 (citing ECF No. 1 at 6-7).  Defendant also moves to strike Plaintiff's request for $250,000 in punitive damages from the prayer for relief.  ECF No. 9 at 2 (citing ECF No. 1 at 10).

### I. Plaintiff's Surreply

Plaintiff filed a surreply in relation to the motion to strike on March 7, 2025.  ECF No. 17. Defendant moves to strike this surreply or alternatively seal it.  ECF Nos. 19-20.

The Ninth Circuit has held that "where new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the

---

[1] Defendant requests that the court take judicial notice of the fact that it "is a department of the County of San Joaquin, a public entity[,]" as evidenced by the County website. ECF No. 9-2 (citing ECF No. 9-2 at 4). The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). The County lists Defendant as one of its entities on the website. ECF No. 9-2 at 4. Judicial notice is granted.

3

[non-]movant an opportunity to respond." *Provenz v. Miller*, 102 F.3d 1478, 1493 (9th Cir. 1996) (quoting *Black v. TIC INV. Corp.*, 900 F.2d 112, 116 (7th Cir. 1990)).

Defendant's reply does not present new evidence. It only reiterates arguments from its opening brief and facts that Plaintiff "concedes" in its opposition. ECF No. 16 at 2. Plaintiff was not authorized to file a surreply, and it is stricken from the record. Sealing the surreply is therefore unnecessary.

**II.      References to Plaintiff's Mother**

The Complaint notes that Plaintiff's "80 years old mother" has "multiple chronic health problem[s] and flare up that required multiple doctors & Medical appointments[.]" ECF No. 1 at 6-7. Defendant first argues that these allegations are immaterial because Plaintiff has not asserted a claim under the Americans with Disabilities Act ("ADA") and they have no bearing on his Title VII claim. ECF No. 9-1 at 3. Defendant similarly argues that because the Complaint does not bring a cause of action under the FMLA, the Complaint's allegation that Defendant knows Plaintiff needs a restricted work schedule due to his FMLA filings is also irrelevant. *Id.*

Defendant misunderstands the significance of Plaintiff's elderly mother and how her condition ties to his Title VII claim. The Complaint states that the retaliatory and discriminatory conduct includes changing Plaintiff's work schedule and refusing to change his status to "Part time employee with benefits[.]" ECF No. 1 at 6. Plaintiff alleges that he needs this flexibility to take care of his mother, something Defendant knows because Plaintiff disclosed as much in his FMLA filings. *Id.* The Complaint alleges that Defendant is retaliating against Plaintiff for his discrimination complaints by making him work under conditions that interfere with his familial obligations, effectively trying to force him to quit. *Id.*; ECF No. 15 at 2-3. The FMLA filings are relevant because they informed Defendants that Plaintiff was vulnerable to workplace pressure.

Details about Plaintiff's mother are not included for the sake of a standalone claim. They provide important context explaining why refusing to change Plaintiff's work schedule may constitute retaliation and violate Title VII. Defendant has failed to show that any reference to Plaintiff's mother is immaterial to the Complaint.[2] *See* Fed. R. Civ. P. 12(f).

---

[2] Given the Court's understanding of how the references to Plaintiff's mother may be relevant to

4

### III. Punitive Damages

The Complaint asks for injunctive relief and $250,000 in punitive damages. ECF No. 1 at 10. Defendant argues the Court should strike this request because Defendant is a public entity immune to suits for punitive damages. ECF No. 9-1 at 3-4 (citing Cal. Gov't Code § 818).

The Ninth Circuit has specifically held that Rule 12(f) "does not authorize a district court to dismiss a claim for damages on the basis it is precluded as a matter of law." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010). Defendant's motion to strike Plaintiff's punitive damages request should accordingly be denied. *See Rees v. PNC Bank, N.A.*, 308 F.R.D. 266, 272–73 (N.D. Cal. 2015) (denying motion to strike because "Defendants' first argument—that [p]laintiffs cannot recover punitive damages as a matter of law—fails because it is expressly precluded by the Ninth Circuit's holding in *Whittlestone, Inc. v. Handi–Craft Co.*").

### CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Strike (ECF No. 9) is DENIED.

2. Defendant's motion to strike the surreply to Defendant's motions to strike (ECF No. 19) is GRANTED; and

3. Defendant's request to seal the surreply (ECF No. 20) is DENIED AS MOOT.

**SO ORDERED**.

DATED: May 5, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

---

his Title VII claim, the nature of Plaintiff's claim should be sufficiently clear and there is no need for a more definite statement under Rule 12(e).