UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMEER SAIDAWI,<br><br>         Plaintiff,<br><br>    v.<br><br>SAN JOAQUIN GENERAL HOSPITAL,<br><br>         Defendant. | No.  2:24-cv-02783-SCR<br><br>ORDER SETTING SCHEDULE REGARDING A SUPPLEMENTAL PLEADING AND OTHER MATTERS |

      On July 3, 2025 at 11:00 A.M., this case was before the undersigned via Zoom for a status conference.  *See* ECF No. 22.  On June 18, 2025, before this conference, Plaintiff filed an amendment or supplement to the Complaint, captioned as "Supplemental Facts" in the docket, without leave of the Court.  ECF No. 24.  This includes information protected by the Health Insurance Portability and Accountability Act ("HIPAA"), which was crossed out with a pen but still legible.

      In their joint status report, the parties requested a briefing schedule on a motion for leave to file a supplemental pleading under Fed. R. Civ. P. 15(d).  ECF No. 25 at 2.  On motion and reasonable notice, a court may permit service of supplemental pleadings setting out any transaction, occurrence, or event that happened after the date of the original pleadings.  Fed. R. Civ. P. 15(d).  Such supplemental pleadings would here include, *inter alia*, allegations concerning a Notice of Intent to Discipline ("NOID"), including the outcome of proceedings related to that NOID.  At the conference, the parties agreed that any action taken against Plaintiff pursuant to

this NOID could result in additional facts relevant to Plaintiff's claims.

The Supplemental Facts document currently on file (ECF No. 24) is hereby STRICKEN. By July 24, 2025, Plaintiff shall file a noticed motion for leave to file a supplemental pleading, or alternatively the parties shall file a stipulation for leave to so file.

Plaintiff is advised that such supplemental Complaint shall only focus on events that occurred since filing the Complaint, as opposed to responses to Defendant's Answer. To prevent the disclosure of information protected by HIPAA, Plaintiff is further advised to not submit medical records as evidence. Should Plaintiff find such submission necessary, he shall use either digital redaction software or permanent marker to redact protected information, rather than a ballpoint pen, to ensure that no member of the public can read the redacted information from the court's docket.

Defendant shall file a supplemental answer or otherwise respond to any supplemental pleading within 14 days after the Court orders such supplemental pleading filed. The Court will issue a pretrial scheduling order after the filing of Defendant's supplemental answer or other response.

Finally, the Clerk of the Court is directed to ensure that the public cannot access the documents that have been stricken, ECF Nos. 17 & 24, and which contain private patient information.

**IT IS SO ORDERED.**

DATED: July 3, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE